**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DAVID REY, | No. 12-17813 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01970-SI |
| v. | |
| C&H SUGAR COMPANY, INC., a Delaware corporation and AMERICAN SUGAR REFINING, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted April 13, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and BENITEZ,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Roger T. Benitez, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

David Rey appeals the district court's grant of summary judgment in favor of his employer, C&H Sugar Company, Inc. and its parent company American Sugar Refining, Inc., on his claims of age discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

1.      The district court did not err in determining that Rey failed to raise questions of fact regarding whether C&H's articulated reason for termination was pretext for age discrimination.  To show pretext, "there must be evidence supporting a rational inference that *intentional discrimination, on grounds prohibited by the statute, was the true cause* of the employer's actions." *Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1117 (Cal. 2000).  "[S]ection 12940(a) does not purport to outlaw discriminatory thoughts, beliefs, or stray remarks that are unconnected to employment decisionmaking." *Harris v. City of Santa Monica*, 294 P.3d 49, 65 (Cal. 2013). Rey did not present any direct or circumstantial evidence that his termination was causally connected to the one discriminatory comment. *See id*. at 66.  The record established that Rey was terminated for performance related issues, which performance problems existed both before and after the discriminatory comment was made.  Although Rey excuses his performance issues, he did not produce

2

evidence that age discrimination (and not his poor performance) was the true cause of his termination. Thus, summary judgment was proper.

2. The district court did not err in determining that Rey failed to raise questions of fact regarding whether C&H's articulated reason for termination was pretext for illegal retaliation. As described, the record established that Rey had performance issues before and after he reported the age discrimination claim to human resources. In particular, Rey had a poor performance review prior to reporting the claim. Three days prior to his claim to human resources, Rey's supervisors discussed his poor performance with him and reassigned him to inventory for two weeks (which Rey classified as a demotion). Although Rey points to evidence of increased monitoring after he reported claim, "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate, nondiscriminatory reason for the termination." *Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 675 (Ct. App. 2008). Absent temporal proximity, Rey presents no justification for pretext. C&H raised performance related issues with Rey prior to his reporting of the claim. *See id.* The record does not evidence that employees supervising him were even aware of the claim. Rey provides explanations for much of his poor performance; however, these

explanations do not raise an issue of material fact to suggest that C&H's proffered reason for termination was pretextual. Thus, summary judgment was proper.

3.    Because Rey failed to raise triable issues of fact with respect to his FEHA claims, his wrongful termination must also fail.

**AFFIRMED.**